Fairservice v. Johnson
Decided Feb. 18, 1998
(NOT TO BE CITED AS AUTHORITY)

No. 97-469

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 36N

JOHN G. FAIRSERVICE, SR.,

Plaintiff and Appellant,

v.

DARVIN G. JOHNSON, CHERYL ALLISON JOHNSON,
MATT BUCK,  CUBBY BUCK, DIANE CARTER, JOHN
THOMAS, MARY JO FOX, PATRICK T. FLEMMING OF
THE MONTANA BOARD OF PARDONS AND PAROLE,
AND NINE OTHER JOHN AND JANE DOES,

Defendants and Respondents.

APPEAL FROM:   District Court of the Third Judicial District,

In and for the County of Powell,

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John G. Fairservice, Sr., Pro Se, Deer Lodge,
Montana

For Respondents:

Robert J. Phillips; Phillips & Bohyer, Missoula,

Montana (Attorney for Respondent Darvin G.

Johnson); Diana P. Leibinger-Koch, David L. Ohler,

Department of Corrections, Helena, Montana

(Attorneys for Respondents Patrick T. Flemming,

John Thomas, and Mary Jo Fox of the Montana Board

of Pardons and Parole)

Submitted on Briefs: December 11, 1997

Decided:   February 18, 1998

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   John G. Fairservice, Sr. (Fairservice), appearing pro se, appeals from the orders entered by the Third Judicial District Court, Powell County, which granted the defendants' motions to dismiss his complaint.  We affirm.

¶3   Fairservice has been incarcerated at the Montana State Prison since 1991.  In 1994, he submitted a parole plan to the Montana Board of Pardons and Parole stating that he planned to reside at the Montana Veteran's Home in Columbia Falls, Montana. In June of 1995, he had a parole hearing before the Board or Pardons and Parole, the individual members of which were John Thomas, Mary Jo Fox, and Patrick T. Fleming.  At that hearing, Darvin G. Johnson and others made statements adverse to

Fairservice. Fairservice was granted parole in accordance with the plan he had submitted; that is, he was to be paroled to the Montana Veteran's Home and, indeed, generally restricted to that location. He specifically was restricted from entering Cascade County. Other routine terms and conditions also were imposed

¶4   On September 30, 1996, Fairservice filed a civil complaint in the District Court  naming Darvin G. Johnson and the others who gave statements against him at the parole hearing (collectively, Johnson) and the Board of Pardons and Parole and its members (collectively, the Board) as defendants. The thrust of the complaint was that Johnson's testimony at the parole hearing was libelous, slanderous, defamatory and humiliating, and that the Board conspired with Johnson to deprive Fairservice of a parole he could afford by paroling him to the Veteran's Home. The complaint requested injunctive relief and money damages.

¶5   Johnson moved to dismiss Fairservice's complaint under Rule 12(b)(6), M.R.Civ.P., for failure to state a claim on which relief could be granted. The motion was briefed by the parties and the District Court granted Johnson's motion on the basis that Johnson's statements at the parole hearing were privileged under Sec. 27-1-804, MCA. The Board also moved to dismiss for failure to state a claim. Fairservice did not respond to that motion and, after the passage of approximately eight weeks, the District Court granted the Board's motion on the basis of Uniform District Court Rule 2(b), which provides that a motion to which no response is filed is deemed well taken. Fairservice appeals from the District Court's grant of both motions to dismiss.

¶6   With regard to the basis on which the District Court dismissed Fairservice's complaint against Johnson, it is clear that Sec. 27-1-804(2), MCA, renders privileged a publication made "in any legislative or judicial proceeding or in any other official proceeding authorized by law[.]"  Here, Johnson's statements were made at a parole hearing and, without regard to whether that hearing was technically a "judicial" proceeding or

an "other official proceeding authorized by law," the statements clearly were privileged under the statute. Fairservice advances no authority establishing error in this regard and, as a result, we conclude that the District Court did not err in dismissing his complaint against Johnson.

¶7   With regard to the basis on which the District Court dismissed Fairservice's complaint against the Board, it is clear that Uniform District Court Rule 2(b) provides that a party's failure to timely respond to a motion "shall be deemed an admission that the motion is well taken" and may subject the motion to summary ruling. Fairservice does not contend otherwise and concedes that he did not timely respond. He argues, however, that he had prepared a response to that motion to dismiss, but did not file it because he believed that the court's order dismissing his complaint as to Johnson also granted the motion to dismiss filed by the Board.

¶8   This argument is unpersuasive for several reasons. First, Johnson's motion was to dismiss or, in the alternative, to strike and change venue. The separate motion to dismiss filed by the Board was captioned, simply, "Motion to Dismiss." The District Court specifically referred to the alternatively stated motion in its opinion and order granting that motion. Moreover, the District Court's opinion and order granting Johnson's motion to dismiss clearly related only to the statements made by Johnson at the parole hearing and their privileged nature. It did not address or reference in any way the complaint against the Board or the substantive arguments raised by the Board in its motion to dismiss.

¶9   Fairservice also suggests that the District Court should have notified him of his obligation to respond to the Board's motion, given his pro se status. No authority exists for placing such a duty on a district court, however. For these reasons, we conclude that Fairservice has not established any error with regard to the District Court's dismissal of his complaint against

the Board.

¶10  As is not uncommon in pro se appeals, Fairservice raises a number of issues not related to, and entirely outside the scope of, the District Court's orders on the motions to dismiss.  We do not address matters not properly before us.

¶11  The District Court's conclusions are correct and the court did not abuse its discretion in dismissing Fairservice's complaint.

¶12  Affirmed.

/S/  J. A.  TURNAGE

/S/  KARLA M. GRAY

/S/  JAMES C. NELSON

/S/  WILLIAM E. HUNT, SR.

/S/  W. WILLIAM LEAPHART